CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

NOV 15 2019

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CEDRICK DRAPER, ) | |
| ) | Civil Action No. 3:19-cv-00069 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| GB LL HOLDINGS, LLC, d/b/a ) | Senior United States District Judge |
| GO PUFF, ) | |
| ) | |
| Defendant. ) | |

Cedrick Draper, a frequent pro se litigant in this district, commenced this action by filing a form complaint against GB LL Holdings, LLC, d/b/a goPuff ("goPuff"). Draper has not paid the requisite filing fee. Instead, he has moved to proceed in forma pauperis ("IFP"). For the following reasons, Draper's IFP motion will be denied, and his complaint will be dismissed without prejudice for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

## Background

Draper is a citizen of Virginia who resides in Lynchburg. The form complaint and attached civil cover sheet indicate that goPuff is a limited liability company that maintains an office in Albemarle County, Virginia.

In the section of the complaint titled "Basis for Jurisdiction," Draper checked the "Federal question" box. Compl. 3, Dkt. No. 2. When asked to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in the case," Draper

stated as follows: "Breach of Contract Law," "Tort Law," and "Pro se unrepresented in forma pauperis." Id. The form complaint also includes the following "Statement of Claim":

1. Petitioner claim[s] breach of contract by termination.

2. Petitioner claim[s] breach of contract by over-the-phone termination.

3. Petitioner claims los[s] of profit by breach claim.

4. Petitioner claims restitution by breach claim.

5. Petitioner claims aggravated [damages] by violation action of fiduciary duty of company from point to contest to be transferred to another subsidiary office.

Id. at 4.

## Discussion

### I. IFP Motion

By order entered April 27, 2018, Draper was enjoined for a period of two years "from proceeding in forma pauperis in this district in any future matter except habeas corpus cases and cases over which the federal court arguably has subject matter jurisdiction involving claims of imminent danger of serious bodily injury." Draper v. Muy Pizza Southeast LLC, No. 4:18-cv-00013 (W.D. Va. Apr. 27, 2018) (Kiser, J.), appeal dismissed, No. 18-1545 (4th Cir. Oct. 10, 2018). The instant action does not fall within either exception to the prefiling injunction. Consequently, Draper's IFP motion will be denied.

### II. Subject-Matter Jurisdiction

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter jurisdiction may be raised at any

point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Consequently, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." Id.; see also Kokkonen, 511 U.S. at 377 (explaining that the burden of establishing jurisdiction rests upon the party asserting jurisdiction).

Generally, a case may be filed in federal court if there is federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. According to the box checked on the form complaint, Draper seeks to invoke the court's federal-question jurisdiction. However, Draper does not cite to any federal statutory or constitutional provision that might support the exercise of jurisdiction under § 1331, and the court is unable to discern any federal question presented by his sparse allegations. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Instead, Draper lists causes of action that arise under state law, including breach of contract. See Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 369 (4th Cir. 2003) (noting that breach of contract is a state-law cause of action); Simpkins v. SunTrust Mortg., Inc., No. 2:12-cv-00264, 2013 U.S. Dist. LEXIS 67039, at *21–22 (E.D. Va. May 7, 2013) (holding that "federal question jurisdiction [did] not lie" over a complaint that alleged "only state-law contract and tort claims").

Draper's complaint, as filed, also fails to satisfy the requirements for diversity jurisdiction under § 1332. "When original jurisdiction is based on diversity of citizenship, the cause of action

3

must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000, exclusive of interests and costs." Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018). For purposes of diversity jurisdiction, an individual's citizenship is determined by his domicile. Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998). The citizenship of a limited liability company is based on the citizenship of its members. Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).

Draper alleges that he is a citizen of Virginia, and he provides a Virginia address for goPuff. However, Draper's complaint does not include any allegations regarding the citizenship of goPuff's members. Nor does it indicate that the amount in controversy exceeds $75,000. Accordingly, the court is unable to conclude that diversity jurisdiction exists at this time.

## Conclusion

For the reasons stated, Draper's IFP motion will be denied, and the complaint will be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 5th day of November, 2019.

_____
Senior United States District Judge

4