CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 24 2020

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CEDRICK DRAPER,<br><br>                 *Plaintiff*,<br><br>v.<br><br>GB LL HOLDINGS, LLC /d/b/a<br>GO PUFF,<br><br>                 *Defendants*. | CASE NO. 3:19-cv-00069<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Plaintiff Cedrick Draper's motion to reconsider or vacate the Memorandum Opinion and Order of November 15, 2019 (Conrad, J.) (Dkts. 3–4), which had denied Plaintiff's motion for leave to proceed in forma pauperis ("IFP") and his complaint without prejudice.* Dkt. 5. Plaintiff is a frequent pro se litigant in this district, whose litigious behavior resulted in the issuance of a prefiling injunction order by another judge of this district. *Draper v. Muy Pizza Southeast LLC d/b/a Pizza Hut*, No. 4:18-cv-13, Dkt. 14 (W.D. Va. Apr. 27, 2018) (Kiser, J.). For the following reasons, Plaintiff's motion will be denied.

      Plaintiff does not specify the rule upon which he is seeking reconsideration, so the Court will construe his motion as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Relief under Rule 59(e) "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A Rule 59(e) motion "may only be granted in three situations: (1) to accommodate

---

* On January 10, 2020, this case was transferred to this Court for resolution of Plaintiff's motion and any further proceedings. Dkt. 6.

1

an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (internal quotation marks omitted). Plaintiff's motion for reconsideration does not provide any basis at all for revisiting the grounds for dismissal set forth in the prior Memorandum Opinion dismissing the complaint, much less does Plaintiff satisfy any of the three grounds in Rule 59(e) required to demonstrate that this "extraordinary remedy" is warranted.

Plaintiff appears to argue that his IFP decision should have been granted because he is indigent and his application had "state[d] [the] truth" about his "ability to pay court fees." Dkt. 5 ¶¶ 2, 5. But as the prior Memorandum Opinion explained, Plaintiff has been enjoined for a period of two years beginning April 27, 2018 "from proceeding *in forma pauperis* in this district in any future matter except habeas corpus cases and cases over which the federal court arguably has subject matter jurisdiction involving claims of imminent danger of serious bodily injury." Dkt. 3 at 2 (quoting *Draper v. Muy Pizza Southeast LLC*, No. 4:18-cv-13, Dkt. 14 (W.D. Va. Apr. 27, 2018) (Kiser, J.), *appeal dismissed*, No. 18-1545 (4th Cir. Oct. 10, 2018)). This action does not fall within either exception to the prefiling injunction, and Plaintiff provides no valid grounds to reconsider denial of Plaintiff's IFP status.

Plaintiff's complaint was dismissed for lack of subject matter jurisdiction. First, Plaintiff "d[id] not cite any federal statutory or constitutional provision that might support the exercise of jurisdiction under [28 U.S.C. § 1331]," and no federal question could be discerned from Plaintiff's sparse allegations. Dkt. 3 at 3. Second, the allegations in the complaint failed to demonstrate that the requirements of diversity jurisdiction were met: they did not show there was complete diversity of citizenship between the parties, nor did they show that the amount in controversy was over $75,000. *Id.* at 3–4. Plaintiff appears to challenge that the earlier Memorandum Opinion as "not

specific" to the contract at issue in his complaint, and Plaintiff appears to argue that the court should have "assist[ed] [in] retrieval of contract." Dkt. 5 ¶¶ 3–4. But nothing in these arguments or in the motion for reconsideration addresses the lack of subject matter jurisdiction, much less does it provide any basis to revisit the determinations that the complaint failed to allege there was a federal question or diversity jurisdiction.

Plaintiff's motion for reconsideration is **DENIED**.

It is so **ORDERED**.

The Clerk of Court is hereby directed to send a copy of this Order to Plaintiff.

ENTERED this 24th day of February, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3